UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LA QUINTA FRANCHISING LLC,

*Plaintiff*,

v.

S HOSPITALITY LLC and RAJESH PATEL,

*Defendants*.

Civil Action No. 21-6195

ORDER

**John Michael Vazquez, U.S.D.J.**

**THIS MATTER** comes before the Court by way of Plaintiff's unopposed Motion for Default Judgment, D.E. 9; and it

**APPEARING** that even though a party is in default, "the other side is not entitled to the entry of default judgment as of right, and the entry of such a judgment is left primarily to the discretion of the district court." *Sanchez v. Franzzano*, No. 15-2316 (KSH)(CLW), 2016 WL 2892551, at *1 (D.N.J. May 12, 2016); and it further

**APPEARING** that in evaluating whether to enter default judgment pursuant to Fed. R. Civ. P. 55(b), the court must determine whether (1) it has subject-matter jurisdiction over the matter and personal jurisdiction over the parties, (2) the parties have properly been served, (3) the complaint sufficiently pleads a cause of action,[1] and (4) the plaintiff has proven damages. *Days*

---

[1] In this context, courts use the Fed. R. Civ. P. 12(b)6) motion to dismiss standard to determine whether there is a cognizable cause of action. *See Budge v. Arrianna Holding Co., LLC*, No. 13-56, 2014 WL 1705830, at *5 (D.N.J. Apr. 29, 2014) ("A court will deny a default judgment if the complaint fails to state a claim under the motion to dismiss standard.").

*Inn Worldwide, Inc. v. Tulsipooja Hospitality, LLC*, No. 15-5576, 2016 WL 2605989, at *2 (D.N.J. May 6, 2016). The Court must also consider "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Animal Science Prods., Inc. v. China Nat'l Metals & Minerals Import & Export Corp.*, 596 F. Supp. 2d 842, 849 (D.N.J. 2008); and it further

**APPEARING** that the Court must accept all well-pleaded facts in the pleadings as true, except as to damages. *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008); *see also Int'l Union of Operating Eng'rs of E. Pa. & Del. Benefit Pension Fund. v. N. Abbonizio Contractors, Inc.*, 134 F. Supp. 3d 862, 865 (E.D. Pa. 2015). If damages are not mathematically computable or liquidated, a plaintiff must prove the damages sought. A court has discretion to hold a hearing to establish the plaintiff's damages or to rely on documentary evidence. *See Rainey v. Diamond State Port Corp.*, 354 F. App'x 722, 724 (3d Cir. 2009); *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990); *Malik v. Hannah*, 661 F. Supp. 2d 485, 490 (D.N.J. 2009); and it further

**APPEARING** that Plaintiff seeks a default judgment of $43,129.58 for Recurring Fees, inclusive of interest through August 5, 2021; $1,986,162.32 for liquidated damages; and $22,286.83 for attorneys' fees and costs. *See* Proposed Order for Final Judgment, D.E. 9-12. Plaintiff's motion for default judgment states that a brief was not submitted because no significant legal argument was made in connection with the motion. *See* D.E. 9 at 3. Instead, Plaintiff relies on the Complaint; the Request for Entry of Default entered against Defendants on May 4, 2021; and the declarations of Suzanne Fenimore ("Fenimore Declaration," D.E. 9-3) and David S. Sager in support of the motion. *See id.* at 2. Exhibit F to the Fenimore Declaration is an itemized statement dated August 5, 2021 setting forth the amount of Recurring Fees allegedly due and owing

from Defendants, D.E. 9-9, and Exhibit G to the Fenimore Declaration is a chart showing Plaintiff's calculation of liquidated damages pursuant to Sections 12.1 and 18.3 of the Franchise Agreement, D.E. 9-10; and it further

**APPEARING** that the documents submitted by Plaintiff fail to provide sufficient proof for the total amount of damages Plaintiff seeks. While Plaintiff submits a chart showing how it calculated liquidated damages, D.E. 9-10, Plaintiff has not provided evidence substantiating the accuracy of the gross room revenues displayed in the chart. Similarly, Plaintiff submits an itemized list of Recurring Fees, D.E. 9-9, but fails to provide documents substantiating the listed fees or indicating why each of the listed items should be considered a Recurring Fee pursuant to section 7 and Schedule C of the Franchise Agreement, *see* D.E. 9-3 at ¶ 6. Nor does Plaintiff explain the discrepancy between the Recurring Fee of $43,129.58 it now seeks and the Recurring Fee of $32,122.94 alleged in the Complaint, D.E. 1 at 8. Before the Court enters default judgment against Defendants, Plaintiff must provide competent evidence to support its allegations as to damages. *See, e.g.*, *IBEW Local 351 Pension Fund v. George Sparks, Inc.*, No. 14-2149, 2015 WL 778795, at *2 (D.N.J. Feb. 24, 2015) (denying motion for default judgment and ordering plaintiff to submit "additional evidence in support of the calculation of damages"); *Mancuso v. Tyler Dane, LLC*, No. 08-5311 (JHR), 2012 WL 1536210, at *3 (D.N.J. May 1, 2012) (reserving decision on damages "because Plaintiffs lack sufficient evidentiary support to justify their damages"); and it further

**APPEARING** that Plaintiff has not submitted adequate documentation in connection with its request for $22,286.83 in attorneys' fees and costs. The Fenimore Declaration states that the legal services provided "include preliminary consultations with the client, review of relevant documents, drafting the Complaint, arranging for service of process, and preparation and

submission of the Request for Entry of Default" and "fees relating to the preparation and submission of the instant motion for judgment by default." D.E. 9-3 at 7. However, Plaintiff fails to provide documentation detailing information such as the party performing the legal services, the hourly rate charged by such party, the time required to perform each service, and the date each service was performed. The Court cannot grant the requested attorneys' fees without documentation providing additional detail as to the requested fees. *See Int'l Union of Painters v. Andrews Window Servs. LLC*, No. 15-3583, 2016 WL 3234516, at *4 (D.N.J. June 7, 2016) (quoting U*nited Auto. Workers Local 259 Soc. Sec. Dep't v. Metro Auto Ctr.*, 501 F.3d 283, 291 (3d Cir. 2007)) ("A request for [attorneys'] fees "must be accompanied by fairly definite information as to hours devoted to various general activities, e.g., partial discovery, settlement negotiations, and the hours spent by various classes of attorneys.").

For the foregoing reasons and for good cause shown,

**IT IS** on this 6th day of January 2022, hereby

**ORDERED** that Plaintiff's Motion for Default Judgment, D.E. 9, is **DENIED** without prejudice. Plaintiff shall have thirty (30) days to submit the requisite information to support its motion for default.[2]

*[signature]*
John Michael Vazquez, U.S.D.J.

---

[2] This order addresses deficiencies in Plaintiff's submissions as to proof of damages and attorneys' fees only. The Court is not indicating, by implication, that Plaintiff's submission is otherwise sufficient.